# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SYBIL M. HARDWICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-859-CV-W-FJG ) |
| BLACKWELL SANDERS PEPER MARTIN, L.P. | ) ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 3) and plaintiff's Motion to Remand (Doc. # 5), Motion to Withdraw Document (Doc. # 9) and Plaintiff's Motion for Judgment on the Pleadings (Doc. # 15).

## I. BACKGROUND

On October 7, 2004, plaintiff submitted a questionnaire to the EEOC, in which she alleged that her former employer, Blackwell Sanders Peper Martin, LLP ("BSPM") discriminated against her on the basis of her race and age and retaliated against her. On November 12, 2004, the EEOC issued plaintiff a Dismissal and Notice of Suit Rights. Plaintiff filed her employment discrimination petition in Jackson County Circuit court on August 5, 2005. In her two page petition, plaintiff alleged that Blackwell Sanders Peper Martin, LLP ("BSPM") violated her rights under the Age Discrimination in Employment Act ("ADEA"); the Equal Pay Act ("EPA"); Family Medical Leave Act, ("FMLA"); Title VII (Racial Discrimination and retaliation) and violated her due process rights. Defendant removed the action to this Court on September 19, 2005 based on

this Court's federal question jurisdiction. Defendant moves to dismiss plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) or alternatively for summary judgment.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

Defendant asks the Court to dismiss plaintiffs claims pursuant to Fed.R.Civ.P. 12(b)(6) or alternatively to enter summary judgment in favor of defendants. Fed.R.Civ.P. 12(b) states in part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of
> the pleading to state a claim upon which relief can be granted, matters

2

outside the pleading are presented to and not excluded by the court, the
motion shall be treated as one for summary judgment and disposed of as
provided in Rule 56, and all parties shall be given reasonable opportunity
to present all material made pertinent to such a motion by Rule 56.

The Court assumes that defendant is alternatively seeking summary judgment because it wishes the Court to consider the attachments to the Motion to Dismiss, namely: the Affidavit of Amy Fowler, the EEOC's Dismissal and Notice of Rights Letter and plaintiff's EEOC charge and the Affidavit of Levi Snow. However, a Court is not always required to convert a motion to dismiss into a motion for summary judgment. In Risk v. Ford Motor Co., 48 F.Supp.2d 1135 (S.D. Ind.1999), the Court stated: "documents a defendant attaches to a motion to dismiss may be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to plaintiff's claim." In that instance, the Court found it unnecessary to convert the motion to dismiss to a motion for summary judgment where the plaintiff did not dispute that the Court could consider the attachments in ruling on the motion to dismiss or that they were central to her claim. Likewise, in the instant case, the Court also does not find it necessary to convert defendant's Motion to Dismiss into a Motion for Summary Judgment. Although plaintiff does not explicitly refer to the EEOC charge in her petition, she does make reference to it in her Suggestions in Opposition to the Motion to Dismiss. The Court also finds that her EEOC charge is central to her claim. Accordingly, the Court will not convert defendant's Motion to Dismiss into a Motion for Summary Judgment.

3

Case 4:05-cv-00859-FJG   Document 42   Filed 03/03/06   Page 3 of 7

## III. DISCUSSION

### A. Defendant's Motion to Dismiss

#### 1. Incomplete Allegations

Defendant moves to dismiss plaintiff's petition because plaintiff's conclusory allegations are not sufficient to state a claim under even the most liberal of pleading requirements. Defendant argues that plaintiff's claims under the EPA, FMLA and the United States Constitution include only one sentence describing her claim against the defendant. In her Suggestions in Opposition, plaintiff goes into greater detail in describing her allegations and provides additional factual support for her claims. As defendant has correctly noted, pro se complaints are to be given a liberal construction. In the instant case, rather than dismiss plaintiff's claims, the Court will give plaintiff an opportunity to more fully state her claims by filing an Amended petition.

#### 2. Untimeliness of Claims

BSPM argues that plaintiffs Title VII and ADEA claims should be dismissed because plaintiff failed to file the claims within ninety days after receiving the Notice of Right to Sue letter from the EEOC. The Notice of Right to Sue letter was sent to plaintiff on November 12, 2004, however, plaintiff did not file her petition until August 5, 2005, almost nine months later. Complaints not filed within ninety days after receipt of the Notice from the EEOC are time barred. See Maegdlin v. International Ass'n of Machinists and Aerospace Workers Dist. 949, 309 F.3d 1051, 1052 (8th Cir. 2002)(Title VII claims); Hallgren v. United States Dept. of Energy, 331 F.3d 588, 589 (8th Cir. 2003)(ADEA claims). Plaintiff does not directly refute the issue of timeliness, except to

4

say that she has exercised due diligence in her efforts to bring her claim to Court.

The Court finds that because plaintiff failed to file her Title VII and ADEA claims within the ninety day period after receipt of her Notice of Right to Sue, her claims are untimely. Accordingly, the Court hereby **GRANTS** defendant's Motion to Dismiss plaintiff's Title VII and ADEA claims.

### 3. Violation of Due Process Rights

Plaintiff asserts in her petition that defendant's dominant role in the legal community had denied her due process because she has been unable to obtain competent legal representation. BSPM moves to dismiss plaintiff's Due Process claim because it states that plaintiff cannot assert such a claim against a private entity. Defendant states that it is a Limited Liability Partnership and is not a state actor, thus it argues that plaintiff cannot maintain her constitutional claim against BSPM.

In response, plaintiff states that her due process claim is "misdirected." Plaintiff states that she has submitted a list of attorneys whom she has contacted in an effort to obtain legal representation. She states that this allegation though misdirected, informs the Court, "a state actor" of plaintiff's efforts to bring this claim to a trier of fact.

The Court agrees that plaintiff cannot bring a constitutional claim against a private entity. In U.S. v. Morrison, 529 U.S. 598,120 S.Ct. 1740 (2000), the Court stated:

> Foremost among these limitations is the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action. "[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however

5

discriminatory or wrongful."

Id. at 621, quoting Shelly v. Kraemer, 334 U.S. 1, 13 (1948).  Therefore, the Court **GRANTS** defendant's Motion to Dismiss plaintiff's Due Process Claim.

Accordingly, defendant's Motion to Dismiss is hereby **GRANTED** in part and **DENIED** in part (Doc. # 3).

### B. Plaintiff's Motion to Remand

Plaintiff filed a Motion to Remand on October 5, 2005.  However, on October 27, 2005, plaintiff filed a Motion to Withdraw her "Motion in Opposition to Removal to District Court or Motion to Remand."  Therefore, the Court hereby **GRANTS** plaintiff's Motion to Withdraw her Motion to Remand (Doc. # 9) and **DENIES** as **MOOT** her Motion to Remand (Doc. # 5).

### C. Plaintiff Motion for Judgment on the Pleadings

Plaintiff has filed a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 56.  Plaintiff includes in her Suggestions several factual statements which she alleges are uncontroverted.  Defendant responds that whether the Court considers plaintiff's Motion under Fed.R.Civ.P. 12(c) or Fed.R.Civ.P. 56, her motion is premature. The Court agrees that plaintiff's Motion is premature. The parties have not had an opportunity to participate in discovery and plaintiff's Motion is based simply upon her own assertions, she offers no evidence in support of her allegations.  Therefore, the Court hereby **DENIES** plaintiff's Motion for Judgment on the Pleadings.

6

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** in part and **DENIES** in part defendant's Motion to Dismiss (Doc. # 3). Plaintiff shall filed an Amended Complaint which more completely describes her remaining Equal Pay Act claim and her Family Medical Leave Act claim on or before **March 20, 2005**. The Court **DENIES** as **MOOT** plaintiff's Motion in Opposition to Removal to District Court (Doc. # 5) and **GRANTS** plaintiff's Motion to Withdraw her Motion to Remand (Doc. # 9). The Court also **DENIES** plaintiff's Motion for Judgment on the Pleadings (Doc. #15).

Date: March 3, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge