# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SYBIL M. HARDWICK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-859-CV-W-FJG |
| BLACKWELL SANDERS PEPER MARTIN, L.P. | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is Plaintiff's Motion to Strike Answer to Amended Complaint (Doc. # 49) Plaintiff's Motion for Summary Judgment (Doc. # 53), Defendant's Motion for Summary Judgment (Doc. # 55), Defendant's Motion in Limine to Exclude Evidence Related to Dismissed Claims (Doc. # 82) and Defendant's Motion to Strike Plaintiff's Second Suggestions in Opposition to Motion for Summary Judgment (Doc. # 84).

### I. BACKGROUND

On October 7, 2004, plaintiff submitted a questionnaire to the EEOC, in which she alleged that her former employer, Blackwell Sanders Peper Martin, LLP ("BSPM") discriminated against her on the basis of her race and age and retaliated against her. On November 12, 2004, the EEOC issued plaintiff a Dismissal and Notice of Suit Rights. Plaintiff filed her employment discrimination petition in Jackson County Circuit court on August 5, 2005. In her two page petition, plaintiff alleged that Blackwell Sanders Peper Martin, LLP ("BSPM") violated her rights under the Age Discrimination in Employment Act ("ADEA"); the Equal Pay Act ("EPA"); Family Medical Leave Act,

("FMLA"); Title VII (Racial Discrimination and retaliation) and violated her due process rights. Defendant removed the action to this Court on September 19, 2005 based on this Court's federal question jurisdiction. On March 3, 2006, the Court dismissed plaintiff's Title VII and ADEA claims as untimely. The Court also dismissed plaintiff's due process claim. The Court directed plaintiff to file an Amended Complaint which more clearly set out her Equal Pay Act claim and her Family Medical Leave Act claim. Plaintiff filed her Amended Complaint on March 9, 2006.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences

2

that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

**A. Plaintiff's Motion for Summary Judgment**

Plaintiff has alleged that she is entitled to recover under both the Family Medical Leave Act and the Equal Pay Act. Plaintiff alleges that BSPM violated the FMLA because she was not restored to the position she held when she began her leave, but instead when she returned, she was assigned to work a half day in the Facsimile Center and half day in the Library. Plaintiff also believes that BSPM violated the EPA because her salary when she was hired was $800.00 less than a male employee who had been hired for an identical position. Plaintiff also claims that she was denied a salary increase for the time period from November 8, 2004 until January 1, 2005, and was not hired for two different positions, both of which had higher salaries.

Defendant opposes plaintiff's Motion and states that her FMLA claim is time barred and she has failed to establish that her post-leave position was not equivalent. Defendant also argues that plaintiff's EPA claim fails to show any pay disparity based on sex and it is also time barred.

**1. Family Medical Leave Act**

"Under the FMLA, an individual asserting a violation must bring her claim within two years of 'the last event constituting the alleged violation.' 29 U.S.C. § 2617(c)(1). If an employer has 'willfully' violated the employee's rights under the FMLA, the statute of limitations is extended to three years. Id. at 2617(c)(2)." Samuels v. Kansas City

3

Missouri School Dist., 437 F.3d 797 (8th Cir. 2006). Plaintiff returned from her FMLA leave on or about August 11, 2002. She was moved into the Facsimile/Library position on or around August 15, 2002. Plaintiff did not file her petition in state court until August 5, 2005, almost a year after the statute of limitations deadline. Plaintiff asserts that the three year statute of limitations for a willful violation should apply because defendant failed to restore her to the same position she held when she went on leave and the position that plaintiff was assigned forced her to work with hostile employees.

> In Samuels, the Court stated:
>
> Although the term 'willful' has not been defined expressly in the FMLA or by the Supreme Court, we determined in Hanger v. Lake County, 390 F.3d 579, 583 (8th Cir. 2004), that the Supreme Court's definition for 'willful' in the context of the Fair Labor Standards Act also applies to the term 'willful' under the FMLA. Under that definition, the plaintiff must demonstrate the employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.' Id. (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). Such a standard recognizes an employer's general knowledge about the statutes' potential applicability, by itself, fails to demonstrate willfulness. Id. at 584.

Id. at 803.

When plaintiff came back from her FMLA leave, she testified that she worked for a short time in the mail center, where she had been previously. However, there was another employee who was also assigned to the Mail Room, so plaintiff's supervisor assigned plaintiff to work half a day in the Facsimile Center, which was across the hall and the second half of the day plaintiff was to work in the library. Plaintiff testified that she received the same pay, the same benefits, worked the same number of hours and that the tasks in the Facsimile Center, were very similar to her duties in the Mail Center.

4

Plaintiff also testified that she enjoyed the work that she did in the library position. Plaintiff also admitted that she never complained or specifically asked to be returned to her previous position.

Plaintiff's only allegation that supports her claim that the action was willful was that the environment was different, because there were employees with whom she did not get along. However, later in her deposition plaintiff admits that when she complained about these employees, BSPM took action by sending these employees to anger management classes and counseling them.

The Court does not find that plaintiff has proven that BSPM's actions in putting her the Facsimile/Library position upon her return from FMLA leave were willful. Rather, BSPM put plaintiff into a comparable position with the same pay, benefits, hours and duties. Therefore, the Court finds that the two year statute of limitations applies and plaintiff's FMLA claim is time barred.

**2. Equal Pay Act Claim**

Plaintiff also makes a claim for violation of the Equal Pay Act. Plaintiff alleges that BSPM violated the Equal Pay Act in four different instances: 1) In February 2001, plaintiff applied for a position as a records courier. Human Resources told her the salary would be $23,000. After interviewing with the Records Center supervisor, David Steward, plaintiff was not hired for that position. Plaintiff also interviewed for a Mailroom Technician and was hired a week later at a salary of $22,000; 2) Plaintiff applied for a position as a Research Assistant in the library, but was not hired because she did not have the necessary experience; 3) When plaintiff was initially hired, she was only paid $22,000, whereas she alleges that a comparable male employee, Tony Fuller, was

5

hired at a salary of $22,800.00; 4) Plaintiff also alleges that she was denied promotion pay after she was transferred to the Records Center in November 2004.

> The Equal Pay Act, 29 U.S.C. § 206(d), prohibits an employer from discriminating between employees on the basis of sex by paying wages to employees . . .at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. . . .

29 U.S.C. § 206(d).

Of the four allegations that plaintiff makes, the only claim which is based on sex is the allegation that Tony Fuller was hired at a higher salary than plaintiff was. The Court finds that plaintiff's other claims are not covered by the statute, because they are not based on a claim that male employees were paid more.  With regard to the allegation that Fuller was paid more, BSPM notes that plaintiff's last day in the Mail Center position was May 16, 2002.  Plaintiff did not file her state court petition until August 5, 2005, which is three years and a few months after her last alleged violation. As with the FMLA, the EPA:

> provides a general two-year statute of limitations following the accrual of a cause of action, as well as a three-year statute of limitations for willful violations.  29 U.S.C. § 255(a).  A violation is willful only if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).  "The Equal Pay Act is violated each time an employer presents an 'unequal' paycheck to an employee for equal work." Gandy v. Sullivan County, 24 F.3d 861, 864 (6th Cir. 1994).

Thomeczek v. Brownlee, 320 F.Supp.2d 884, 887 (E.D.Mo. 2004).

Thus, the Court does not find that plaintiff's EPA claim is timely.  Even if it were timely, BSPM provided an affidavit from Mr. Fuller in which he states that he negotiated

6

for a higher salary before accepting his position. Plaintiff admitted in her deposition that she did not negotiate. She stated as follows:

Hardwick: . . .When I inquired about salary to Michael Daughnesey, he seemed reluctant to discuss salary. At that time, I told him that I could not accept less than $22,000 annually, and he neither - he didn't - he didn't- we didn't exchange any ideas on that salary. He accepted that as an acceptable salary for me, and that was the source of it.
Q. Did you ask for any higher than 22,000?
A. No. My statement was I cannot accept less.
Q. And that was the extent of the negotiations?
A. Yes.

(Hardwick Depo. p. 234).

Additionally, BSPM notes that the salaries of other office support technicians also show that the pay disparity was not based on sex. BSPM hired two others in the applicable time frame, a man and a woman, who also started at the same salary as plaintiff, $22,000.00. Thus, even if the Court were to find that plaintiff's EPA claim was timely, she could not establish a prima facie case of discrimination under the EPA.

## IV. CONCLUSION

Therefore, for the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion for Summary Judgment (Doc. # 53) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. # 55). The remaining motions are hereby **DENIED** as **MOOT**.

Date: September 14, 2006      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     United States District Judge

7