IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SYBIL M. HARDWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-859-CV-W-FJG |
| | ) |
| BLACKWELL SANDERS PEPER MARTIN, L.P. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion to Reconsider (Doc. # 93) and defendant's Motion for Costs (Doc. # 98).

**I. Motion to Reconsider**

Plaintiff moves pursuant to Fed.R.Civ.P. 59(e) for the Court to reconsider the Order entered on September 14, 2006, granting defendant's Motion for Summary Judgment.

> A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. . . . It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment. . . . District courts have broad discretion when deciding whether or not to grant a motion to amend judgment.

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444, 446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th Cir. 1999)(citations and internal quotations omitted). See also, Peters v. General Service Bureau, Inc., 277 F.3d 1051,1057 (8th Cir. 2002)("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a

Rule 59(e) motion.").

Plaintiff states that the Court misunderstood, ignored or disregarded many important issues in her case and argues that the Court did not fully understand her legal arguments. First, plaintiff states that the withholding of promotion pay/retaliation claim was originally pled as an Equal Pay Act claim, but she discovered that this type of claim is not covered by the EPA or the Fair Labor Standards Act. Plaintiff states that she found one case in Washington state court where a Court ruled that a plaintiff could seek double damages where wages were willfully and intentionally withheld from employees. Plaintiff also argues that the Court failed to give consideration to plaintiff's retaliation claim. Plaintiff also argues that the Court incorrectly decided her FMLA claim.

In opposition, defendant argues that plaintiff does not set forth any new evidence or address any manifest errors made by the Court, but rather simply reargues points she made in previous pleadings. Defendant argues this is not permissible under Rule 59(e).

In reply, plaintiff states that the Court should have applied the three year statute of limitations to her claims because the defendant's actions were willful, the Court ignored her retaliation claim and she takes issue with the Court's interpretation of plaintiff's FMLA claim.

With regard to plaintiff's claim that the Court misunderstood her promotion pay/retaliation claim, she states that she made this distinction in both her Suggestions in Opposition to Defendant's Motion for Summary Judgment and also in her Reply Suggestions. However, in those pleadings, plaintiff states that the withholding of her promotion pay was evidence of defendant's "willfulness" and that there is a case from

2

Washington state in which plaintiff was allowed to recover double damages for wages which were illegally withheld. The Court did not misunderstand plaintiff's withholding of promotion pay claim. The Court did not find that allegation supported plaintiff's claim that defendant acted willfully and plaintiff cited no authority, other than a Washington state statute that would allow her to recover for such a claim. Obviously a Washington state statute would not apply to plaintiff's claim.

The Court also did not ignore plaintiff's retaliation claim, rather the retaliation claim was dismissed as untimely by this Court on March 3, 2006. Finally, plaintiff takes issue with the Court's characterization of her FMLA claim. However, the Court finds that plaintiff's arguments in this regard are simply a reargument of her previous position. She does not introduce any new evidence nor does she allege that the Court made any manifest errors of law or fact.

Therefore, because plaintiff has stated no grounds for altering or amending the Judgment, the Court hereby **DENIES** plaintiff's Motion to Reconsider (Doc. # 93).

## II. Motion for Costs

Defendant has filed a motion seeking its costs of $1,589.25 against the plaintiff. This amount is comprised of the $250.00 filing fee that defendant paid to remove the case to federal court and the transcript fees of $1,339.25 for plaintiff's deposition. On September 14, 2006, the Court granted defendant's motion for summary judgment. As a prevailing party, defendant is entitled to recover its costs associated with its defense of plaintiff's claims.

Plaintiff objects to defendant's bill of costs arguing that the she should not be required to pay the $250.00 filing fee, because she had to initially pay a fee to file her

3

case in state court. She argues that she is being charged twice for filing her case. With regard to the court reporter expenses, plaintiff argues that the length of the depositions were exaggerated and unnecessary and only served to prevent her from taking any depositions. She also states that she is unable to pay the costs since she declared bankruptcy in 2001 and has subsisted on a salary of less than $25,000 since 2001.

Fed.R.Civ.P. 54(d)(1) states in part:

(1) Costs Other Than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

In the instant case, there is no question that the defendant was the prevailing party in this case as the Court granted summary judgment to defendant on all of plaintiff's remaining claims. The Court has reviewed defendant's proposed bill of costs and plaintiff's objections. "District courts have substantial discretion in awarding costs under Rule 54(d)." Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). The Court will allow defendant to recover the filing fee paid to remove the case to federal court. Although plaintiff complains that she is being charged twice for the filing fee, the removal was proper as plaintiff's petition included claims under federal statutes. With regard to the cost of plaintiff's deposition, plaintiff states that she was subjected to an approximately eight hour deposition on February 27, 2006 and another 4-5 hours of questioning on March 17, 2006. The Court's Scheduling Order states that any deposition lasting over seven hours requires prior approval of the Court. In this case, no approval was sought. The exhibits provided by defendant indicate that they were charged $896.00 for plaintiff's deposition on February 27 and $443.25 for her

4

deposition on March 17.  Therefore, the Court will reduce the amount of the deposition costs awarded and hereby award defendant $750.00 for the deposition transcripts. Accordingly, the Court hereby **GRANTS** defendant's Motion for Costs and hereby awards defendant total costs of $1,000.00.


Date:  December 29, 2006   **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
   United States District Judge

5